# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

THERESA ELLIOTT OERTEL,
　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　Agency.

DOCKET NUMBER
DC-844E-19-0460-I-1

DATE:  February 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Theresa Elliott Oertel, Durham, North Carolina, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management that denied her application for disability retirement under the Federal Employees' Retirement System.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant asserts generally that the record evidence, including the statements from her treatment providers and former supervisor, establishes that her disability prevented her from continuing Federal service. Petition for Review (PFR) File, Tab 1 at 4. The administrative judge properly considered both the objective medical opinions and the appellant's subjective accounts of her mental limitations in finding that she failed to establish that her mental health conditions caused her documented performance deficiencies or rendered her unable to provide useful and efficient service. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 6-7, 10-15; *see Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 19-20 (2012). Having considered the appellant's arguments and reviewed the record evidence, we agree with the administrative judge that the appellant failed to show that her performance issues were caused by her medical conditions or that these conditions rendered her unable to provide useful and efficient service. ID at 10-15; PFR File, Tab 1 at 4; *see Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008) (setting forth the criteria that an

applicant must meet in order to qualify for disability retirement benefits); 5 C.F.R. § 844.103(a)(2).

The appellant maintains that her mental health condition prevented her from adequately representing herself in the present appeal.  PFR File, Tab 1 at 4. She also resubmits her correspondence to the administrative judge stating that she had failed to attend the post-hearing status conference due to the alleged exacerbation of her mental health symptoms.[2]  *Id*. at 5; IAF, Tab 19 at 4. Although she asserts that her mental health condition prevented her from proving, "as an attorney would," that she "stopped work only because [she was] disabled," the record is devoid of any evidence suggesting that she has been unable to prosecute her appeal pro se.  PFR File, Tab 1 at 4; *see French v. Office of Personnel Management*, 37 M.S.P.R. 496, 497, 499 (1988) (setting forth the relevant criteria for applying the procedures by which the Board seeks to arrange pro bono representation for incompetent appellants in cases concerning entitlement to retirement benefits).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[2] To the extent that the appellant argues on review that the administrative judge erred in not rescheduling the conference, she has not shown that any such error prejudiced her substantive rights.  PFR File, Tab 1 at 5; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (explaining that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).  Specifically, the administrative judge convened the status conference in order for the agency to provide the appellant with information explaining the comparative monthly annuities to which she would be entitled under disability retirement or early retirement. IAF, Tab 18 at 1-2.  Prior to the scheduled post-hearing conference, the agency complied with these instructions and submitted into the record comparative financial data regarding the appellant's retirement.  IAF, Tab 15 at 4, Tab 16 at 4.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.